UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SERGIO LOPEZ,

        Plaintiff(s),

v.

BANK OF AMERICA, N.A., et al.,

        Defendant(s).

2:12-CV-801 JCM (CWH)

**ORDER**

Presently before the court is defendant Bank of America's motion to dismiss for failure to state a claim. (Doc. # 12). Plaintiff Sergio Lopez filed a response in opposition (doc. # 16), and defendant filed a reply (doc. # 18).

**I.  Background**

On or about November 7, 2005, plaintiff executed a promissory note, in favor of defendant. (Doc. # 12, Ex. A, deed of trust).[1] To secure payment of the note, plaintiff executed a deed of trust in the amount of $164,800, which encumbered the property subject to this suit. (*Id.*). The property is located at 4909 E. Washington Ave, Las Vegas, Nevada, 89110.

. . .

---

[1] The court judicially notices the documents provided by defendant in document number 12, which are properly recorded in Clark County. *Intri-Plex Technology, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) ("A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment as long as the facts are not subject to reasonable dispute.").

**James C. Mahan**
**U.S. District Judge**

1    Pursuant to the terms of the deed of trust, after providing proper notice to plaintiff, "Lender
2 at its option, and without further demand, may invoke the power of sale, including the right to
3 accelerate full payment of the Note, and any other remedies permitted by Applicable Law." (*Id.* at
4 ¶ 22). The deed of trust allows the lender to "appoint a successor trustee to any trustee appointed
5 hereunder." (*Id.* at ¶ 24).
6    On or around July 1, 2009, plaintiff defaulted and failed to make the monthly payment under
7 the loan. (Doc. # 12, Ex. C, notice of breach and default and of election to cause sale of real property
8 under the deed of trust). The complaint, however, is conspicuously silent and does not admit default
9 or claim that plaintiff is current on his monthly payments.
10    The original trustee under the deed of trust was PRLAP, Inc. (Doc. # 12, Ex. B, substitution
11 of trustee). On October 14, 2009, defendant substituted Cal-Western Reconveyance Corporation
12 ("Cal-Western") as trustee under the deed of trust.
13    On October 19, 2009, Cal-Western properly recorded a notice of default. (Doc. # 12, Ex. C).
14 On January 8, 2010, the Nevada Foreclosure Mediation Program issued a certificate stating that the
15 "Beneficiary may proceed with the foreclosure process." (Doc. # 12, Ex. D).[2] The certificate was
16 recorded with the Clark County recorder on February 12, 2010. (*Id.*).
17    On February 17, 2012, Cal-Western recorded a notice of trustee's sale. (Doc. # 12, Ex. E).
18 On April 4, 2012, defendant recorded an assignment of deed of trust, which transferred all beneficial
19 interest under the deed of trust to Fannie Mae. (Doc. # 12, Ex. F, assignment of deed of trust).
20    The above referenced sequence of events led to plaintiff filing a complaint in state court,
21 which defendant subsequently removed to this court. (*See* doc. # 1). The complaint alleges the
22 following two causes of action against Bank of America and Cal-Western: (1) fraudulent
23 misrepresentation and concealment; and, (2) quiet title.
24 . . .
25
26
27    [2] The certificate further noted that "[t]he Grantor or person who holds the title of record did not attend the Foreclosure Mediation Conference or failed to produce the necessary disclosure forms."
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

## II. Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 1949.

Where the complaint does not "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief." *Id*. (internal quotations and alterations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the

opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

### III. Discussion

As a preliminary matter, this court has already dismissed defendant Cal-Western from this case pursuant to Federal Rule of Civil Procedure Rule 4(m) because plaintiff failed to serve defendant Cal-Western. (Doc. # 11). Bank of America is the only remaining defendant. The court will address each cause of action against defendant Bank of America in turn.

*A.  NRS 107.080*

Plaintiff did not formally allege a violation for wrongful foreclosure under NRS 107.080. However, plaintiff's complaint appears to allege that defendant did not comply with the statute. (*See* compl. at ¶ 12). Additionally, seven pages out of plaintiff's ten page response to the motion to dismiss are a copy and paste of the text of NRS 107.080 into the body of the motion.

"NRS 107.080 does not provide plaintiff homeowners with a private right of action for tort damages." *Berilo v. HSBC Mortg. Corp., USA*, no. 2:09-cv-02353, 2010 WL 2667218, at *3 (D. Nev. June 29, 2010). The statute merely "allow[s] a court to void a trustee sale if, inter alia, the person or entity that conducted the sale did not substantially comply with the statute." *Id.* Such claims are interpreted as "request[s] to void the trustee sale as a result of Defendants' substantial non-compliance with NRS 107.080." *Id.*

In this case, no foreclosure or trustee sale has occurred. The court further finds that defendant has properly complied with the statute to date. To the extent that plaintiff attempts to allege a violation of NRS 107.080, the cause of action fails.

*B.  Fraudulent Misrepresentation and Concealment*

To state a claim for fraudulent misrepresentation, plaintiff must allege: (1) that defendant made a false representation; (2) with knowledge of its falsity; and, (3) with the intent to induce reliance on the misrepresentation. *Nau v. Sellman*, 757 P.2d 358, 360 (Nev. 1988).

James C. Mahan
U.S. District Judge

- 4 -

1  "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "[A] plaintiff asserting fraud against a corporate [entity] must state the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Roberts v. McCarthy*, no. 2:11-cv-00080, 2010 WL 1363811, at *3 (D. Nev. April 11, 2011) (quoting *Spencer v. DHI Mortg., Inc.*, 642 F.Supp.2d 1153, 1164 (E.D. Cal. 2009).

Fraud claims must meet the heightened pleading standard and allege the who, what, when where, and how. This complaint alleges no specific facts and cannot meet the heightened pleading standard required for fraudulent misrepresentation or concealment.

Plaintiff argues that the notices of default and trustee sale were improperly mailed and that he never received them. Even if this were true, it does not state a claim for fraudulent misrepresentation or concealment. Plaintiff has cited no case that the fact that he did not receive certain documents in the mail, assuming that is true, supports a claim for fraudulent misrepresentation or concealment.[3]

To the extent that plaintiff is attempting to allege a violation of NRS 107.080 because notice was improper, the cause of action fails for the same reasons as stated in section III.A *supra*. There has been no foreclosure or trustee sale so there can be no cause of action under 107.080 for wrongful foreclosure.

Plaintiff's cause of action for fraudulent misrepresentation and concealment is dismissed.

C.   *Quiet Title*

Plaintiff seeks to quiet title. "A trustor cannot quiet title without discharging his debt. The cloud upon his title persists until the debt is paid." *Aguilar v. Bocci*, 39 Cal. App. 3d 475, 478 (Cal. 1974). "The purpose of a quiet title action is to establish one's title against adverse claims to real

---

[3] Further, "[m]ailing of the notices is all that [NRS 107.080] requires. Their mailing presumes that they were received. Actual notice is not necessary as long as the statutory requirements are met." *Hankins v. Admin. of Veterans Affairs*, 555 P.2d 483, 484 (Nev. 1976). Defendant has attached authenticated exhibits that the notices were mailed to plaintiff. (Doc. # 12, Ex. G).

James C. Mahan
U.S. District Judge

- 5 -

property or any interest therein." *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F.Supp.2d 1039, 1049-50 (N.D. Cal. 2009). In a quiet title action, the burden of proof rests with the plaintiff to provide good title in himself. *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996).

Plaintiff has not alleged precisely what adverse interest he is seeking to quiet or that he has repaid all his loans. The last cause of action is dismissed against defendant.[4]

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Bank of America's motion to dismiss (doc. # 12) be, and the same hereby, is GRANTED.

IT IS FURTHER ORDERED that plaintiff's complaint be dismissed with prejudice. The clerk of the court shall enter judgment and close the case.

DATED April 10, 2013.

_____
**UNITED STATES DISTRICT JUDGE**

---

[4] In plaintiff's response to the motion to dismiss, plaintiff does not even counter defendant's arguments in its motion regarding the fraud and quiet title claims. The court could grant defendant's motion pursuant to local rule 7-2(d). *See* LR 7-2(d) (stating that a party's failure to file a response to a motion "shall constitute consent to the granting of the motion.").

**James C. Mahan**
**U.S. District Judge**

- 6 -